**GOLDSMITH WEST**
**A Professional Law Corporation**
David A. Goldsmith (State Bar No. 232457)
Phuc Minh ("Peter") Le (State Bar No. 313323)
609 Deep Valley Drive, Suite 200
Rolling Hills Estates, California 90274
Tel: +1 (310) 620-8560 ▪ Fax: +1 (310) 861-5527
*firm@goldsmithwest.com*

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BASIR ZAHIR,<br><br>Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC; HOUSE OF IMPORTS, INC. and DOES 1 to 50,<br><br>Defendants. | Case No. 8:25-cv-00450-FWS-JDE<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR ELECTRONIC SERVICE**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: 2/3/25<br>Date Removed: 3/7/25 |

Plaintiff alleges as follows:

**COMMON ALLEGATIONS**

1. As used in this Complaint, the word "Plaintiff" shall mean Plaintiff Basir Zahir.

2. Plaintiff is ignorant of the true names and capacities of the Defendants sued under the fictitious names DOES 1 to 50. They are sued pursuant to Code of Civil Procedure section 474. When Plaintiff becomes aware of the true names and

capacities of the Defendants sued as DOES 1 to 50, Plaintiff will amend this Complaint to state their true names and capacities.

3. Defendants DOES 11 to 50 are persons who conspired to commit, aided, abetted, and/or ratified the conduct alleged in this Complaint.

4. On or about June 17, 2022, Plaintiff leased a 2022 Mercedes-Benz S500V4 (hereafter "Vehicle") which was manufactured, distributed, or sold by Defendants Mercedes-Benz USA, LLC and DOES 1 to 10 (hereafter "Defendant Warrantor"). The total consideration which Plaintiff paid or agreed to pay, including taxes, license, and finance charges is $141,063.21. The Vehicle was leased and/or used primarily for personal, family, or household purposes, or qualifies as a new motor vehicle under subdivision (e)(2) of Civil Code section 1793.22. Plaintiff leased the Vehicle from a person or entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

5. Plaintiff's agreement to lease the Vehicle is subject to the provisions of Civil Code § 2986.10, which provides that "[a]n assignee of the lessor's rights is subject to all equities and defenses of the lessee against the lessor, notwithstanding an agreement to the contrary . . . ." Defendants DOES 21 through 30 are or, at one time, were assignees of the lease and are thus subject to all equities and defenses which Plaintiff could assert against the lessor.

6. In connection with the lease, Plaintiff received an express written warranty in which Defendant Warrantor undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant Warrantor's representative and the Vehicle would be repaired.

7. During the warranty period, the Vehicle contained or developed various defects, including, but not limited to, defects which cause the Vehicle to have a fuel

odor while driving, defects which cause the Vehicle to not start, defects which cause the Vehicle to have a battery warning while driving, defects which cause the oil warning while driving, defects which cause the Vehicle's AC to not work while driving, and defects which cause the Vehicle's check engine light to illuminate while driving.

8. Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the sale. By serving this Complaint, Plaintiff does so again. Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

**First CAUSE OF ACTION**

**BY PLAINTIFF BASIR ZAHIR AGAINST DEFENDANTS MERCEDES-BENZ USA, LLC AND DOES 1 TO 30**

**BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**

REFERENCE

9. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, above.

10. Pursuant to Civil Code §§ 1792 and 1791.1**Reference** the sale of the Vehicle was accompanied by Defendant Warrantor's implied warranty of merchantability. The duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant Warrantor.

11. The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is

adequately contained, packaged, and labeled; and (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

12. During the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 7, above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

13. Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to **ReferenceReference**

**Second CAUSE OF ACTION**

**BY PLAINTIFF BASIR ZAHIR AGAINST DEFENDANTS MERCEDES-BENZ USA, LLC AND DOES 1 TO 30**

**BREACH OF THE IMPLIED WARRANTY OF FITNESS**

REFERENCE

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, above.

15. Defendant Warrantor is a manufacturer, distributor, or seller who had reason to know at the time of the retail sale that the Vehicle was required for a particular purpose and that the Plaintiff was relying on the Defendant Warrantor's skill or judgment to select or furnish suitable goods.

16. Pursuant to Civil Code § 1792.1**Reference** the sale of the Vehicle was accompanied by Defendant Warrantor's implied warranty that the Vehicle would be fit for Plaintiff's particular purpose. The duration of the implied warranty is

coextensive in duration with the duration of the express written warranty provided by Defendant Warrantor.

17. On or about June 17, 2022, or during the time period in which the implied warranty was in effect, the Vehicle contained or developed the defects stated in paragraph 7, above. The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle is not fit for Plaintiff's particular purpose.

18. Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations under the implied warranty, and therefore brings this claim pursuant to **ReferenceReference**

**Third CAUSE OF ACTION**

**BY PLAINTIFF BASIR ZAHIR AGAINST DEFENDANTS MERCEDES-BENZ USA, LLC AND DOES 1 TO 40**

**BREACH OF EXPRESS WARRANTY**

REFERENCE

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, above.

20. In accordance with Defendant Warrantor's warranty, Plaintiff delivered the Vehicle to Defendant Warrantor's representative in this state to perform warranty repairs. Plaintiff may continue to do so even after this lawsuit is filed. Plaintiff did so within a reasonable time. Each time Plaintiff delivered the Vehicle, Plaintiff notified Defendant Warrantor and its representative of the characteristics of the defects. However, the representative failed to repair the Vehicle, breaching the terms of the written warranty on each occasion.

21. In addition, Defendant provided a warranty by virtue of a sample or model. However, the Vehicle did not conform to the sample or model that Defendant provided.

22. Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations under the express warranty, and therefore brings this claim pursuant to Civil Code § 1794(a)**Reference**

23. Civil Code § 1794(a) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare. Defendants DOES 31 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action. There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations. Their actions or inactions facilitated the violations alleged herein**Reference**

24. Defendant Warrantor's failure to comply with its obligations under the express warranty was willful, in that Defendant Warrantor and its representative were aware of their obligation to repair the Vehicle under the express warranty, but they intentionally declined to fulfill that obligation. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c).

**Fourth CAUSE OF ACTION**

**BY PLAINTIFF BASIR ZAHIR AGAINST DEFENDANTS MERCEDES-BENZ USA, LLC AND DOES 1 TO 40**

**FAILURE TO PROMPTLY REPURCHASE PRODUCT**

**CAL. CIV. CODE § 1793.2(D)**

25. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, above.

26. Defendant Warrantor and its representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts. Despite this fact, Defendant Warrantor failed to promptly replace the Vehicle or make restitution to Plaintiff as

required by Civil Code §§ 1793.2(d) and 1793.1(a)(2), and will continue to fail to promptly do so even after this lawsuit is filed.

27. Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1(a)(2), and therefore brings this claim pursuant to § 1794.

28. Civil Code § 1793.2(d) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare. Defendants DOES 31 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action. There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations. Their actions or inactions facilitated the violations alleged herein.

29. Defendant Warrantor's failure to comply with its obligations under § 1793.2(d) was willful, in that Defendant Warrantor and its representative were aware that they were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant Warrantor failed and refused to promptly replace the Vehicle or make restitution despite Plaintiff's demand. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

30. Despite Defendant Warrantor's violation of § 1793.2(d) and its notice thereof, Defendant Warrantor failed to comply with its obligations within a reasonable time. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(e).

31. Plaintiff seeks civil penalties pursuant to § 1794, subdivisions (c) and (e) in the alternative and does not seek to cumulate civil penalties, as provided in § 1794(f).

/ / /

/ / /

**Fifth CAUSE OF ACTION**

**BY PLAINTIFF BASIR ZAHIR AGAINST DEFENDANTS MERCEDES-BENZ USA, LLC AND DOES 1 TO 40**

**FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME**

REFERENCE

32. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, above.

33. Although Plaintiff delivered the Vehicle to Defendant Warrantor's representative in this state and may continue to do so even after this lawsuit is filed, Defendant Warrantor and its representative failed to commence the service or repairs within a reasonable time.

34. Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to § 1794**Reference**

35. Civil Code § 1793.2(b) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare. Defendants DOES 31 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action. There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations. Their actions or inactions facilitated the violations alleged herein.

36. Defendant Warrantor's failure to comply with its obligations under § 1793.2(b) was willful, in that Defendant Warrantor and its representative were aware that they were obligated to commence repair within a reasonable time, yet they failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

/ / /

/ / /

**Sixth CAUSE OF ACTION**

**BY PLAINTIFF BASIR ZAHIR AGAINST DEFENDANTS MERCEDES-BENZ USA, LLC AND DOES 1 TO 40**

**FAILURE TO COMPLETE REPAIRS WITHIN 30 DAYS**

REFERENCE

37. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, above.

38. Although Plaintiff delivered the Vehicle to Defendant Warrantor's representative in this state and may continue to do so even after this lawsuit is filed, Defendant Warrantor and its representative failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2(b). Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

39. Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations pursuant to § 1793.2(b), and therefore brings this claim pursuant to § 1794**Reference**

40. Civil Code § 1793.2(b) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare. Defendants DOES 31 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action. There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations. Their actions or inactions facilitated the violations alleged herein.

41. Defendant Warrantor's failure to comply with its obligations under § 1793.2(b) was willful, in that Defendant Warrantor and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiff is

entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

**Seventh CAUSE OF ACTION**

**BY PLAINTIFF BASIR ZAHIR AGAINST DEFENDANTS MERCEDES-BENZ USA, LLC AND DOES 1 TO 40**

**FAILURE TO MAINTAIN SUFFICIENT SERVICE AND REPAIR FACILITIES**

REFERENCE

42. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, above.

43. Defendant Warrantor has failed to maintain in this state sufficient service and repair facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of the warranties or to designate and authorize in this state as service and repair facilities independent repair or service facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of the warranty as required by Civil Code § 1793.2(a).

44. Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations pursuant to § 1793.2(a), and therefore brings this claim pursuant to § 1794**Reference**

45. Civil Code § 1793.2(a) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare. Defendants DOES 31 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action. There is a nexus between their position in the entity and the violation alleged here such that they could have influenced the actions which constituted the violations. Their actions or inactions facilitated the violations alleged herein.

46. Defendant Warrantor's failure to comply with its obligations under § 1793.2(a) was willful, in that Defendant was aware that it was obligated to maintain in this state sufficient service and repair facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of the warranties or to designate and authorize in this state as service and repair facilities independent repair or service facilities reasonably close to all areas where its consumer goods are sold to carry out the terms of the warranty, yet it failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

**Eighth CAUSE OF ACTION**

**BY PLAINTIFF BASIR ZAHIR AGAINST DEFENDANTS MERCEDES-BENZ USA, LLC AND DOES 1 TO 40**

**FAILURE TO MAKE SERVICE LITERATURE AND PARTS AVAILABLE**

REFERENCE

47. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 8, above.

48. Defendant Warrantor has failed to make available to authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period, as required by Civil Code § 1793.2(a)(3).

49. Plaintiff has been damaged by Defendant Warrantor's failure to comply with its obligations pursuant to § 1793.2(a)(3), and therefore brings this claim pursuant to § 1794**Reference**

50. Civil Code § 1793.2(a)(3) is a statute that imposes strict liability without regard to intent and which is intended to protect the general welfare. Defendants DOES 31 to 40 are persons who are in a position of responsibility which allows them to influence business policies or the activities of the entity Defendants in this action. There is a nexus between their position in the entity and the violation

alleged here such that they could have influenced the actions which constituted the violations. Their actions or inactions facilitated the violations alleged herein.

51. Defendant Warrantor's failure to comply with its obligations under § 1793.2(a)(3) was willful, in that Defendant Warrantor was aware that it was obligated to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period, yet it failed to do so. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to § 1794(c).

**Ninth CAUSE OF ACTION**

**BY PLAINTIFF BASIR ZAHIR AGAINST DEFENDANTS MERCEDES-BENZ USA, LLC AND DOES 1 TO 30**

**ADVERTISING DEFECTIVE MERCHANDISE WITHOUT DISCLOSING DEFECTS**

**BUS. & PROF. CODE, § 17531; § 17535**

52. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 2, above.

53. On or about June 17, 2022, Defendant Warrantor advertised, called attention to, or gave publicity to the sale of merchandise, which merchandise was defective in any manner, without conspicuously displaying directly in connection with the name and description of that merchandise and each article, unit, or part thereof, a direct and unequivocal statement, phrase, or word which clearly indicated that the merchandise or each article, unit, or part thereof so advertised was defective, in violation of Business & Professions Code section 17531.

54. The representations were made in a newspaper, magazine, circular, form letter or in an open publication, published, distributed, or circulated in this state, including over the Internet, or on any billboard, card, label, or other advertising medium, or by means of another advertising device.

55. Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant Warrantor's violation of Business & Professions Code section 17531. Pursuant to Business & Professions Code section 17535, the Court may enjoin Defendant Warrantor from engaging in any future violations of section 17531, and may make such orders or judgments, including the appointment of a receiver, as may be necessary to restore to Plaintiff any money or property, real or personal, which may have been acquired by means of the violation of Business & Professions Code section 17531.

**Tenth CAUSE OF ACTION**

**BY PLAINTIFF BASIR ZAHIR AGAINST DEFENDANTS MERCEDES-BENZ USA, LLC AND DOES 1 TO 30**

**CONVERSION**

56. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 2, above.

57. Plaintiff is the owner of and has an immediate right to possession of a specific sum of money which is capable of identification. (*Farmers Ins. Ex. v. Zerin* (1997) 53 Cal.App.4th 445, 451-52.) Specifically, pursuant to Civil Code § 1793.2(d), Plaintiff is entitled to restitution of the amounts paid or payable for the Vehicle from Defendant.

58. Instead of delivering the money to which Plaintiff is entitled to Plaintiff, Defendant has wrongfully converted that money for its own use.

59. As a result of Defendant's conversion, Plaintiff has suffered damages.

60. Defendant's conduct was fraudulent, oppressive, and malicious, and thus, Plaintiff is entitled to recover punitive damages pursuant to Civil Code section 3294. Specifically, Defendant was aware of its obligation to make restitution to Plaintiff and intentionally failed to do so. In addition, Defendant falsely and intentionally misrepresented to Plaintiff that it was not obligated to make restitution.

Furthermore, Defendant is aware that Plaintiff has little choice but to continue using the defective Vehicle until Defendant makes restitution, and Defendant intentionally refused to make restitution to Plaintiff with the intent of arguing that Plaintiff's continued use is a reason to deny restitution to Plaintiff.

**Eleventh CAUSE OF ACTION**

**BY PLAINTIFF BASIR ZAHIR AGAINST DEFENDANTS HOUSE OF IMPORTS, INC. AND DOES 41 TO 50**

**NEGLIGENCE**

61. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 2, above.

62. Defendants House of Imports, Inc. and DOES 41 to 50 (hereafter "Defendant Dealer") are engaged in the business of providing service or repair to new or used consumer goods.

63. In undertaking to perform those services, Defendant Dealer had a duty to perform those services in a good and workmanlike manner.

64. On a date within two years before this pleading was filed with the Court, Plaintiff sought repairs from Defendant Dealer. However, Defendant Dealer breached its duty to Plaintiff to perform those repairs in a good and workmanlike manner.

65. As a direct and proximate result of Defendant Dealer's breach, Plaintiff has been damaged in an amount to be proven at trial.

**Twelfth CAUSE OF ACTION**

**BY PLAINTIFF BASIR ZAHIR AGAINST DEFENDANTS HOUSE OF IMPORTS, INC. AND DOES 41 TO 50**

**VIOLATION OF CIVIL CODE § 1796.5**

66. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 2, above.

67. Defendants House of Imports, Inc. DOES 41 to 50 (hereafter "Defendant Dealer") are individuals, partnerships, corporations, associations, or some other kind of legal relationship which engage in the business of providing service or repair to new or used consumer goods.

68. Pursuant to Civil Code section 1796.5, Defendant Dealer had a duty to the purchaser to perform those services in a good and workmanlike manner.

69. On a date within two years before this pleading was filed with the Court, Plaintiff sought repairs from Defendant Dealer. However, Defendant Dealer breached their duty to Plaintiff to perform those services in a good and workmanlike manner.

70. As a direct and proximate result of Defendant Dealer's breach, Plaintiff has been damaged in an amount to be proven at trial.

**PRAYER**

1. PLAINTIFF PRAYS for judgment against Defendants as follows:

2. For Plaintiff's damages in the amount of at least $141,063.21.

3. For restitution to Plaintiff in the amount of at least $141,063.21.

4. On Plaintiff's Fourth Cause of Action, for a declaration that Defendant is legally required to repurchase or replace Plaintiff's Vehicle pursuant to subdivision (d)(2) of Civil Code section 1793.2, to make restitution to Plaintiff pursuant to that same section, and to brand the title as required by subdivision (c) of Civil Code section 1793.23.

5. On Plaintiff's Third Cause of Action, for a civil penalty for each violation in the amount of not more than $282,126.42 pursuant to Civil Code § 1794(c) and (e)**Reference**

6. On Plaintiff's Fourth Cause of Action, for a civil penalty for each violation in the amount of not more than $282,126.42 pursuant to Civil Code § 1794(c)**Reference**

7. On Plaintiff's Fifth Cause of Action, for a civil penalty for each violation in the amount of not more than $282,126.42 pursuant to Civil Code § 1794(c)**Reference**

8. On Plaintiff's Sixth Cause of Action, for a civil penalty for each violation in the amount of not more than $282,126.42 pursuant to Civil Code § 1794(c)**Reference**

9. On Plaintiff's Seventh Cause of Action, for a civil penalty for each violation in the amount of not more than $282,126.42 pursuant to Civil Code § 1794(c)**Reference**

10. On Plaintiff's Eighth Cause of Action, for a civil penalty for each violation in the amount of not more than $282,126.42 pursuant to Civil Code § 1794(c)**Reference**

11. For an order enjoining Defendants from engaging in any act or practice constituting a violation of Business & Professions Code section 17531.

12. For punitive damages.

13. For any consequential and incidental damages.

14. For costs of the suit and Plaintiff's reasonable attorneys' fees.

15. For prejudgment interest at the legal rate.

16. And for such other relief as the Court may deem proper.

## DEMAND FOR ELECTRONIC SERVICE

Plaintiff requests electronic service. Plaintiff's counsel's electronic service address is "firm@goldsmithwest.com". Pursuant to subdivision (e)(2) of Code of Civil Procedure section 1010.6, any party who is represented by counsel is required to electronically serve Plaintiff's counsel with any notice or document that is

permitted to be served by mail, express mail, overnight delivery, or facsimile transmission.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all causes of action asserted herein.

Dated: March 21, 2025

GOLDSMITH WEST
A Professional Law Corporation

By: /s/ *David A. Goldsmith*
David A. Goldsmith
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that in filing the foregoing document with the clerk of court using the CM/ECF system, entitled **FIRST AMENDED COMPLAINT; DEMAND FOR ELECTRONIC SERVICE; DEMAND FOR JURY TRIAL**. I am informed and believe that the system will send a notice of electronic filing to all counsel of record in this action.

DATED: March 21, 2025

By: /s/ *David A. Goldsmith*
David A. Goldsmith