JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00450-FWS-JDE                                   Date: April 30, 2025
Title: Basir Zahir v. Mercedes Benz-USA, LLP *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [13]**

Plaintiff Basir Zahir ("Plaintiff") filed this case in state court asserting ten claims against Defendant Mercedes Benz USA, LLC ("Defendant") related to a lease on a 2022 Mercedes-Benz. (Dkt. 1-2 ("Complaint") ¶¶ 1-8.) Defendant removed the case to this court based on diversity jurisdiction. (Dkt. 1 ("Notice of Removal" or "NOR").) On March 21, 2025, Plaintiff filed a First Amended Complaint, adding as a party the dealership that leased Plaintiff the car, Defendant House of Imports, Inc. (the "Dealership"). (Dkt. 11 ("First Amended Complaint" or "FAC") ¶¶ 61-70.) Before the court is Plaintiff's Motion to Remand. (Dkt. 13 ("Motion" or "Mot.").) Defendant opposes the Motion. (Dkt. 14 ("Opposition" or "Opp.").) Plaintiff filed a reply in support of the Motion. (Dkt. 20 ("Reply").) The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for May 8, 2025, is **VACATED** and off calendar. Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion.

I.     **Background**

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00450-FWS-JDE                                         Date: April 30, 2025
Title: Basir Zahir v. Mercedes Benz-USA, LLP *et al.*

On June 17, 2022, Plaintiff leased a 2022 Mercedes-Benz S500V4 (the "Vehicle") which Defendant manufactured, distributed, or sold. (FAC ¶ 4.) Plaintiff received an express written warranty from Defendant that it would "provide compensation if there is a failure in utility or performance for a specified period of time," (*id.* ¶ 6). The warranty further provided that "in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to [Defendant's] representative and the Vehicle would be repaired." (*Id.*) During the warranty period, the Vehicle developed various defects that caused the Vehicle to have a fuel odor while driving, issues starting the car, battery and oil warnings while driving, problems with air conditioning, and the check engine light illuminating while driving. (*Id.* ¶ 7.) The Dealership failed to repair the Vehicle in a good and workmanlike manner. (*Id.* ¶ 64.)

Based on these facts, Plaintiff alleges claims for (1) breach of the implied warranty of merchantability, (2) breach of the implied warranty of fitness, (3) breach of the express warranty, (4) failure to promptly repurchase product, (5) failure to commence repairs within a reasonable time, (6) failure to complete repairs within 30 days, (7) failure to maintain sufficient service and repair facilities, (8) failure to make service literature and parts available, (9) advertising defective merchandise without disclosing defects, and (10) conversion against Defendant. (*Id.* ¶¶ 9-60.) Plaintiff also brings claims for (11) negligence and (12) violation of California Civil Code § 1796.5 against the Dealership. (*Id.* ¶¶ 61-70.)

II.   **Legal Standard**

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331." *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

JS-6

Case No. 8:25-cv-00450-FWS-JDE                                      Date: April 30, 2025
Title: Basir Zahir v. Mercedes Benz-USA, LLP *et al.*

___

Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant.").  Federal courts have diversity jurisdiction where there is complete diversity between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  The amount in controversy is the total "amount at stake in the underlying litigation."  *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).  In measuring the amount in controversy, courts assume the allegations in the complaint are true and that the jury will return a verdict in favor of the plaintiff on all claims.  *See Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *see also LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (directing courts to first look to the complaint in determining the amount in controversy).  A removing Defendant has the burden to "prove that the amount in controversy . . . exceeds the jurisdictional threshold by a preponderance of the evidence."  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018).

When a defendant initially removes a case, it must submit only a "short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  And when the basis for removal is diversity jurisdiction, the amount in controversy allegation in the removal notice "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  However, if the plaintiff contests, or the court questions, the defendant's allegations, evidence establishing the amount is required.  *See id.*; 28 U.S.C. § 1446(c)(2)(B).  The Ninth Circuit recently explained that following such a challenge, the defendant must make its showing with "summary-judgment-type evidence."  *Fritsch*, 899 F.3d at 794.

___

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

Case No. 8:25-cv-00450-FWS-JDE                                                  Date: April 30, 2025
Title: Basir Zahir v. Mercedes Benz-USA, LLP *et al.*

___

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

### III.   Discussion

#### A.   Joinder of the Dealership

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also San Jose Neurospine v. Cigna Health & Life Ins. Co.*, 2016 WL 7242139, at *6 (N.D. Cal. Dec. 15, 2016) ("[W]hen a party attempts to amend a complaint in a manner that destroys a federal court's jurisdiction, 28 U.S.C. § 1447(e) gives the court discretion to consider the propriety and fairness of allowing that amendment." (quoting *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087 (C.D. Cal. 1999))).

In exercising their discretion in considering whether to permit a plaintiff to join a non-diverse party under § 1447(e), courts consider factors including: (1) whether the party sought to be joined is needed for just adjudication and would be joined under FRCP 19(a), (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder, (3) whether there has been unexplained delay in seeking joinder, (4) whether the joinder is solely for the purpose of defeating federal jurisdiction, (5) whether the claim against the new party seems valid, and (6) the possible prejudice that may result if amendment is denied. *Pickering v. FCA US LLC*, 2021 WL 5968454, at *1 (C.D. Cal. Apr. 12, 2021). The court considers each factor in turn.

___

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No. 8:25-cv-00450-FWS-JDE | Date: April 30, 2025 |
| Title: Basir Zahir v. Mercedes Benz-USA, LLP *et al.* | |

___

### 1. Extent the Dealership is Needed for Just Adjudication

Regarding the first factor, which "contemplates whether joinder of a nondiverse party is needed for a just adjudication," "[w]hat is considered a necessary joinder under Section 1447(e) is less restrictive than the related standard under Federal Rule of Civil Procedure 19." *Phifer v. Subaru of Am., Inc.*, 2023 WL 8845152, at *3 (C.D. Cal. Dec. 21, 2023) (citing *Dordoni v. FCA US LLC*, 2020 WL 6082132, at *3 (C.D. Cal. Oct. 15, 2020)). "Under Section 1447(e), joinder of a person is necessary when it will avoid separate and redundant actions." *Id.*

The court finds this factor weighs in favor of allowing joinder here because "[t]he claims asserted against both [Defendant] and [the Dealership] involve the same car, the same alleged defects in that car, and the same attempts to repair that car, and will likely require many of the same documents and witnesses and turn on many of the same legal and factual questions." *Doyle v. Gen. Motors LLC*, 2020 WL 915887, at *2 (C.D. Cal. Feb. 25, 2020) (citing *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2016 WL 3396925, at *3 (C.D. Cal. June 13, 2016)); *Flores v. Nissan N. Am., Inc.*, 2022 WL 1469424, at *3 (C.D. Cal. May 9, 2022) ("Denying joinder of [dealership] Downey here would lead to separate and redundant actions, and this factor therefore weighs in favor of joinder."); *Marin v. FCA US LLC*, 2021 WL 5232652, at *2 (C.D. Cal. Nov. 9, 2021) ("Here, Plaintiff's claims against the manufacturer FCA and the dealership BCDJR arise from the same vehicle, the same alleged defects in that vehicle, and the same ultimately failed attempts to repair the vehicle. BCDJR can therefore be considered directly related to Plaintiff's claimed injury and his claims against FCA, and not only tangentially related to those claims. Furthermore, resolution of the claims would require many of the same documents and witnesses and implicate many of the same factual and legal issues. Therefore, were joinder denied and Plaintiff required to pursue his claim against BCDJR in a separate action in state court, that action would be redundant to this action. This factor weighs in favor of granting the amendment."); *Gonzalez v. Ford Motor Co.*, 2021 WL 4786452, at *3 (C.D. Cal. Oct. 14, 2021) (finding "this factor weighs in favor of permitting joinder" because "failure to join Caruso Ford would lead to separate and redundant actions, and [] Caruso Ford is necessary for the efficient and just adjudication of this action").

___

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**JS-6**

Case No. 8:25-cv-00450-FWS-JDE                                                   Date: April 30, 2025
Title: Basir Zahir v. Mercedes Benz-USA, LLP *et al.*

___

### 2. Statute of Limitations

"If a plaintiff could file an action against the joined defendant in state court, then there is less reason to permit joinder under § 1447(e)." *Clinco*, 41 F. Supp. 2d at 1083. Because Plaintiff does not contend that any statute of limitations would preclude an action against the Dealership in state court, this factor weighs against joinder. *See Gonzalez*, 2021 WL 4786452, at *4 ("Plaintiff does not argue that her claim against Caruso Ford is time-barred. Accordingly, Court concludes that this factor does not support joinder."); *see also Flores*, 2022 WL 1469424, at *3 ("Because Plaintiff would not be time-barred from filing a new action against [the Dealership] in state court, this factor weighs against joinder.").

### 3. Unexplained Delay

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." *Clinco*, 41 F. Supp. 2d at 1083. Here, the court observes Plaintiff amended the Complaint to add the Dealership 15 days after an answer to the Complaint was filed, and two weeks after removal. (*Compare* Dkt. 1-2 at 30 *with* FAC.) Accordingly, the court finds this factor weighs in favor of allowing joinder. *See Doyle*, 2020 WL 915887, at *3 (finding this factor weighed in favor of permitting amendment when "Plaintiffs amended their complaint to add Martin Chevrolet less than two months after filing the complaint, and less than one month after removal"); *Phifer*, 2023 WL 8845152, at *3 (same when, "[a]lthough there was some delay between when the Phifers filed their original complaint and joined DCH Riverside—two months and two days to be exact—this delay was minimal and hardly unreasonable"); *Flores*, 2022 WL 1469424, at *3 ("Here, Plaintiff filed the FAC to include a claim against Downey less than three weeks after the case was removed to federal court. Plaintiff's amendment was therefore timely. This factor therefore favors permitting joinder.") (citations omitted); *Pickering*, 2021 WL 5968454, at *2 ("There is no significant delay in Plaintiff's attempt to add Glendora CDJR. He moved for leave to amend only 49 days after he initially filed suit and 20 days after FCA removed the case."); *Marin*, 2021 WL 5232652, at *2 ("find[ing] no undue delay" when "Plaintiff filed this motion about 5

___

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00450-FWS-JDE                                                      Date: April 30, 2025
Title: Basir Zahir v. Mercedes Benz-USA, LLP *et al.*

months after he filed the original Complaint in state court and about 4 months after FCA removed it"); *Gonzalez*, 2021 WL 4786452, at *3 ("Plaintiff filed her First Amended Complaint only 42 days after she filed her initial Complaint and only 10 days after Ford filed its Notice of Removal. Thus, the Court concludes that Plaintiff filed the First Amended Complaint in a timely fashion."); *Forward-Rossi*, 2016 WL 3396925, at *3 (concluding this factor supported allowing amendment even where the plaintiff sought leave to amend five months after filing the initial complaint and four months after removal).

### 4.     Whether Joinder is Solely for Purpose of Defeating Federal Jurisdiction

Although "the motive of a plaintiff in seeking the joinder of an additional defendant is relevant to a trial court's decision to grant the plaintiff leave to amend his original complaint, . . . suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *Marin*, 2021 WL 5232652, at *3 (cleaned up). "The circumstances in this case suggest that Plaintiff's primary motivation in amending the Complaint was to defeat diversity jurisdiction." *Gonzalez*, 2021 WL 4786452, at *3. However, "it is not readily apparent that it is the sole motivation, particularly because there is a seemingly valid claim" against the Dealership, as explained in the next section. *Id.*; *see also Phifer*, 2023 WL 8845152, at *4 ("Because Subaru failed to carry its burden of showing the negligent repair claim is not valid, Subaru has also failed to carry its burden of showing the Phifers' sole purpose of joining DCH Riverside was to destroy diversity jurisdiction."). Accordingly, the court finds "this factor weighs minimally against permitting joinder." *Gonzalez*, 2021 WL 4786452, at *3; *Delafontaine v. Volvo Cars of N. Am., LLC*, 2016 WL 7338404, at *3 (C.D. Cal. Dec. 19, 2016) ("While the circumstances in this case suggest that one of Plaintiff's motivations is to defeat jurisdiction, we cannot say that is the sole motivation, especially where there is a seemingly valid claim against the non-diverse defendant. Overall, Plaintiff's motivation weighs somewhat against joinder.").

### 5.     Validity of Claim

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00450-FWS-JDE                                         Date: April 30, 2025
Title: Basir Zahir v. Mercedes Benz-USA, LLP *et al.*

"For the purposes of joinder under § 1447(e), a plaintiff's claim need only be facially viable—the claim need not be plausible nor stated with particularly." *Reyes v. FCA US LLC*, 2020 WL 7224286 at *8 (E.D. Cal. Dec. 8, 2020) (citing *Dordoni*, 2020 WL 6082132 at *5); *see also Stout v. Int'l Bus. Machines Corp.*, 2016 WL 4528958, at *8 (C.D. Cal. Aug. 30, 2016) ("In considering the fifth factor, 'the [c]ourt need only determine whether the claim seems valid' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment.") (citation omitted). "[A] federal court must find that a defendant was properly joined and remand the case to state court if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (citation omitted); *see also Marin v. FCA US LLC*, 2021 WL 5232652 at *3 (internal quotations and citations omitted) ("[M]erely a glimmer of hope that plaintiff can establish [a] claim is sufficient[.]").

In this case, the court finds Plaintiff's negligence and violation of California Civil Code § 1796.5 allegations appear at this stage of the proceedings to be at least facially valid. *See Burch v. Ford Motor Co.*, 758 F. Supp. 3d 1092, 1099 (N.D. Cal. 2024) (finding that Plaintiff alleged a facially valid claim for negligence and violation of California Civil Code § 1796.5); *see also Malijen v. Ford Motor Co.*, 2020 WL 5934298, at *4 (C.D. Cal. Aug. 20, 2020) (finding that Plaintiff sufficiently alleged a facially valid claim for negligence). The court therefore concludes this factor weighs in favor of permitting joinder.

### 6. Prejudice

"In determining whether a plaintiff would suffer prejudice, courts have considered whether denial of leave to amend would require parallel in state and federal court proceedings or would lead the plaintiff to forgo claims against the non-diverse defendants." *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1286 (C.D. Cal. 2015) (citing cases). "Where claims against parties sought to be joined in an action arise out of the same factual circumstances, it is in the economic benefit of all parties and the judicial system to have the entire controversy adjudicated only once and to force the plaintiffs to proceed with expensive litigation in state

___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

**JS-6**

Case No. 8:25-cv-00450-FWS-JDE                                      Date: April 30, 2025
Title: Basir Zahir v. Mercedes Benz-USA, LLP *et al.*

___

court against the putative defendant would create avoidable prejudice." *Gonzalez*, 2021 WL 4786452, at *4 (internal quotations omitted).

Here, "if the Court were to deny Plaintiff's Motion for Remand, Plaintiff would have to proceed with separate litigation against [the Dealership] in state court.  Thus, Plaintiff would be forced to incur significant expenses associated with pursuing similar litigation in two separate forums thereby prejudicing Plaintiff.  Accordingly, the Court concludes that this factor weighs in favor of permitting joinder." *Gonzalez*, 2021 WL 4786452, at *4; *see Forward-Rossi*, 2016 WL 3396925, at *5 n.2 ("If the Court were to deny plaintiff's motion for leave to amend, plaintiff would be required to pursue two substantially similar lawsuits in two different forums—an action against [the manufacturer] before this Court and an action against [the dealership] in California state court."); *see also Doyle*, 2020 WL 915887, at *3 ("The Court further observes that justice and fundamental fairness would not be served by requiring parallel and overlapping actions in state court against Martin Chevrolet, and federal court against GM."); *Delafontaine*, 2016 WL 7338404, at *4 ("Here, it would prejudice the Plaintiff and waste judicial resources to conduct parallel litigation in state court against the Dealer Defendant.").  Thus, the court concludes that this factor weighs in favor of allowing Plaintiff to join the Dealership as a defendant.

On balance, the court finds the relevant factors weigh in favor of permitting Plaintiff to join the Dealership as a defendant.  *See, e.g., Pickering*, 2021 WL 5968454, at *3 ("While Plaintiff's explanation for addition of Glendora CDJR to the action at this stage at least suggests that he may, in fact, be doing so because of its impact on this Court's jurisdiction, this is not enough of an overriding factor in this case to require denying him the amendment.").

### B.   Diversity Jurisdiction

Defendant removed Plaintiff's case to this court on the basis of diversity jurisdiction, arguing that the parties are completely diverse because Plaintiff is a California citizen and Defendant is a citizen of Michigan and Delaware.  (NOR at 5-6.)  Subsequently, Plaintiff filed the First Amended Complaint, adding the Dealership as a defendant.  (FAC ¶ 62).  Plaintiff now

___

___

| | JS-6 |
|---|---|
| UNITED STATES DISTRICT COURT | |
| CENTRAL DISTRICT OF CALIFORNIA | |
| CIVIL MINUTES – GENERAL | |

Case No. 8:25-cv-00450-FWS-JDE                        Date: April 30, 2025
Title: Basir Zahir v. Mercedes Benz-USA, LLP *et al.*

___

argues Defendant failed to establish that the court has diversity jurisdiction over this case because the Dealership is a California citizen.[1] (*See generally* Mot.)

      The court observes that there is no dispute that Plaintiff and the Dealership are California citizens. (Opp. at 3, 8-9; Reply at 4-5, 8-9.) In addition, the court observes that the parties do not dispute that the amount in controversy exceeds $75,000. (FAC at 15-16; Opp. at 7-8.) However, Defendant asserts that (1) Plaintiff was not permitted to amend its Complaint and (2) the Complaint warrants removal. (Opp. at 6-7.) The court disagrees with Defendant.

      First, Defendant argues that the court should strike the First Amended Complaint because Plaintiff failed to seek leave to amend or a joint stipulation for amending the Complaint. (Opp. at 6.) Plaintiff responds that leave to amend the Complaint was not required because Plaintiff filed the First Amended Complaint 15 days after Defendant served its answer to the Complaint. (Reply at 9.) Under Rule 15 of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Plaintiff amended the Complaint 15 days after Defendant answered the Complaint, (FAC; Dkt. 1-2 at 30), the court finds that Plaintiff did not need to request the court's leave or obtain Defendant's written consent to amend the Complaint. *See* Fed. R. Civ. P. 15. Accordingly, the court finds that the Complaint was properly amended. *See id.*

      Second, Defendant argues that the court has diversity jurisdiction over this case because diversity jurisdiction existed when the Complaint was filed. (Opp. at 6-7.) Plaintiff responds that the addition of the Dealership as a defendant destroys the court's basis for diversity jurisdiction. (Reply at 9-11.) "In multiple contexts—involving both cases brought in federal court and cases removed there—courts conceive of amendments to pleadings as potentially

___

[1] The court notes that the court does not have federal question jurisdiction over this case, as the First Amended Complaint raises twelve state law claims. *See Peralta*, 419 F.3d at 1069 (9th Cir. 2005).

___

___

| UNITED STATES DISTRICT COURT | JS-6 |
|---|---|
| CENTRAL DISTRICT OF CALIFORNIA | |

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00450-FWS-JDE                                                   Date: April 30, 2025
Title: Basir Zahir v. Mercedes Benz-USA, LLP *et al.*

___

jurisdiction-changing events.  The amended complaint becomes the operative one; and in taking the place of what has come before, it can either create or destroy jurisdiction." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 34-35 (2025).  A plaintiff may "name only defendants who come from a different State, or instead add one from her own State and thereby destroy diversity of citizenship." *Id.* at 35 (citing 28 U.S.C. § 1332(a)).  The court finds that the First Amended Complaint is the "operative one" because the Complaint was properly amended.  *See id.*  The court further finds that the addition of the Dealership destroys the court's basis for diversity jurisdiction because both Plaintiff and the Dealership are citizens of California.  *See id.*  Accordingly, the court finds that the court lacks diversity jurisdiction over this case.

### C. Summary

In summary, the court finds that the Dealership was properly joined, the Complaint was properly amended, and the court lacks diversity jurisdiction over this case.  Accordingly, the court concludes that it lacks subject matter jurisdiction over this case and therefore the case must be remanded.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (explaining that diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"); *see also Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest.").

### IV. Disposition

For the reasons stated above, the court **GRANTS** the Motion and **REMANDS** this action to Orange County Superior Court as case number 30-02025-01458105-CU-BC-CJC.

___